

FILED

JUL 1 1 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                     ) Case No. 13-31975-E-13
                                          )
JACK GEORGE GANAS and                     )
LINDA MAE GANAS,                          )
                                          )
            Debtors.                      )
_____ )
                                          )
LINDA MAE GANAS and                       ) Adv. Proc. No. 14-2080
JACK GEORGE GANAS,                        ) Docket Control No. PD-1
                                          )
            Plaintiffs,                   )
                                          )
v.                                        )
                                          )
WELLS FARGO BANK, N.A.,                   )
                                          )
            Defendant.                    )
_____ )

**MEMORANDUM OPINION AND DECISION**
**MOTION TO DISMISS COMPLAINT**

On March 14, 2014, Linda Ganas and Jack Ganas ("Plaintiffs")
commenced this Adversary Proceeding asserting an Objection to the
Proof of Claim filed by Wells Fargo Bank, N.A. ("Defendant") and
asserting seven affirmative claims for relief against Defendant.
In response to the Complaint, Defendant filed a motion to dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(6) all claims for

relief in the Complaint.[1] Defendant argues that Plaintiffs have failed to state a claim upon which relief can be granted, and requests that all of Plaintiffs' claims be dismissed. It is further argued that Plaintiffs' state law and non-bankruptcy law federal claims are preempted by the Bankruptcy Code.

The court reviews the Complaint for a Motion to Dismiss to determine whether the Plaintiffs have presented a "short and plain statement showing that the pleader is entitled to the relief" required by Federal Rule of Civil Procedure 8(a) and Federal Rule of Bankruptcy Procedure 7008, as applied by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

It is alleged that Defendant is a creditor which asserts a secured claim in the Plaintiffs' Chapter 13 case.[2] The claim is asserted to be secured by Plaintiffs' residence. It is further alleged that Defendant filed Proof of Claim No. 4 in the bankruptcy case which misstates the amount of the claim and the amount of the arrearage owed by Plaintiffs.

The First Claim for Relief stated in the Complaint is an objection to Defendant's Proof of Claim. In the Second through Eighth Claims for Relief, Plaintiffs assert claims arising under California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), Negligence, Fraud, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et.

---

[1]    The Motion to Dismiss has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f). Thirty-one days notice of the hearing was provided, with 28 days required under this Local Rule.

[2]    Bankr. E.D. Cal. 13-31975.

2

seq. ("RESPA"); Breach of Contract, and Conversion.   Other than RESPA, all other claims arise under California state law. Complaint, Dckt. 1.

## DISCUSSION

The court considers each Cause of Action set forth in Plaintiffs' Complaint, and evaluates the sufficiency of Plaintiffs' allegations and whether they pass muster under Federal Rule of Civil Procedure 12(b)(6).   The court will not dismiss the cause of action assessed, unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to the relief sought.   *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).

**First Claim for Relief**

Defendant argues that Plaintiffs' First Claim for Relief, Objecting to Defendant's Proof of Claim, fails because Plaintiffs have failed to meet their burden in pleading sufficient allegations to negate the *prima facie* validity of Defendant's Proof of Claim, and because Federal Rule of Bankruptcy Procedure 7001 does not provide for the adjudication of an objection for claim in an adversary proceeding.

Federal Rule of Bankruptcy Procedure 3007(b) expressly prohibits a party in interest from including a demand for relief of a kind specified in Federal Rule of Bankruptcy Procedure 7001 in an objection to claim.   Wells Fargo Bank, N.A. provides no legal authority for its statement that a party in interest is prohibited from including an objection to claim in an adversary proceeding asserting demands for relief pursuant to Rule 7001.   In fact, it appears that Wells Fargo Bank, N.A. has either ignored, or withheld

3

1 from the court, the express language of Federal Rule of Bankruptcy

2 Procedure 3007(b) which states (emphasis added);

3   (b) Demand for Relief Requiring an Adversary Proceeding.
    A party in interest shall not include a demand for relief
4   of a kind specified in Rule 7001 in an objection to the
    allowance of a claim, **but may include the objection in an**
5   **adversary proceeding**.

6 This Federal Rule of Bankruptcy Procedure clearly and expressly

7 authorizes the objection to claim to be part of an adversary

8 proceeding against that creditor when there are other demands for

9 relief for which an adversary proceeding is filed.[3]

10    Federal Rule of Bankruptcy Procedure 7001 allows for

11 proceedings to determine the validity, priority, or extent of a

12 lien or other interest in property (other than objections to claims

13 of exemptions).   Here, Plaintiffs seek a determination of the

14 Defendant's security interest in the deed of trust on Plaintiffs'

15 real property, and the exact amount owed on the Defendant's Claim.

16    Further, Section 502(a) provides that a claim supported by a

17 Proof of Claim is allowed unless a party in interest objects.  Once

18 an objection has been filed, the court may determine the amount of

19 the claim after a noticed hearing. 11 U.S.C. § 502(b).   It is

20 settled law in the Ninth Circuit that the party objecting to a

21 proof of claim has the burden of presenting substantial factual

22 basis to overcome the *prima facie* validity of a proof of claim and

23 the evidence must be of probative force equal to that of the

24 creditor's proof of claim. *Wright v. Holm (In re Holm)*, 931 F.2d

25

26    [3]  When a party's lead contention is bereft of any legal
    authority it does not bode well for the credibility of the
27 sophisticated creditor, lawyer, or law firm representing the creditor.
    Often it is indicative of canned pleadings which are passed out by the
28 creditor to various local counsel with instructions to not change
    anything.

4

620, 623 (9th Cir. 1991); *see also United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006).

Not all Proof of Claims are deserving of this presumption of prima facie validity, however; only a properly completed and filed proof of claim is prima facie evidence of the validity and amount of a claim. Fed. R. Bankr. P. 3001(f). A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f). However, a lack of *prima facie* validity is not, by itself, a basis to disallow a claim. The court must look to 11 U.S.C. § 502(b) for the grounds to disallow a claim. *In re Heath*, 331 B.R. 424, 426 (B.A.P. 9th Cir. 2005).

Here, the Defendant, Wells Fargo Bank, filed Proof of Claim No. 4 on the claims registry of the Plaintiffs' pending bankruptcy case, Case No. 13-31975-E-13. The Proof of Claim filed asserts a claim of $96,957.30, of which the basis for perfection is a Mortgage/Deed of Trust. The amount of arrearage at the time the case was flied is listed as $32,856.92. Proof of Claim No. 4, filed January 4, 2014, Case No. 13-31975. As Plaintiffs point out in the Complaint, the Mortgage Proof of Claim Attachment filed as supporting documentation to the Defendant's Proof of Claim contains inconsistent figures.

The Mortgage Proof of Claim Attachment lists the principal due as $73,238.69. The total amount listed as the amount necessary to cure the default as of the petition date is $32,856.92. The addition of both of those numbers totals $106,095,61, which is over $9,000.00 beyond the stated claim. The inconsistencies on the face of the Defendant's Proof of Claim itself negates the *prima facie* validity of the claim. The lack of *prima facie* validity of the

claim, is not by itself a basis to disallow the claim, but the Plaintiffs have stated sufficient allegations in challenging the presumption of *prima facie* validity of Defendant's Claim.

The Motion to Dismiss the Plaintiffs' First Claim for Relief is denied.

**Second Claim For Relief**

Defendant states that the Plaintiffs' Second Claim for Relief for violation of the Rosenthal Act fails because it is preempted by the Bankruptcy Code.  Further, that even if Plaintiffs' claim is not preempted by the Bankruptcy Code, it fails as a matter of law because Defendant is not a "debt collector" as defined under the Rosenthal Act.

**Rosenthal Act Statutory Definition of Debt Collector**

This court has previously addressed, and rejected, the contention that merely because a creditor has a secured claim it cannot be a "debt collector" under the Rosenthal Act.  *See Landry v. Bank of America, N.A. (In re Landry)*, 493 B.R. 541 (Bankr. E.D. Cal. 2013).  Some trial courts have interpreted the Rosenthal Act to exclude mortgage service companies, original creditor, or a purchaser of a debt from the statutory definition of "debt collector" under the Rosenthal Act and the Federal Fair Debt Collection Practices Act[4] ("FDCPA") when the debt is secured.  The rationale for this conclusion is that the activities are related to an ultimate foreclosure on real property securing the debt. Defendant in this Adversary Proceeding and the defendants in *Landry* cite a series of mostly unreported decisions from several district

---

[4] 15 U.S.C. §§ 1692a et seq.

6

courts.    These  decision  include  *Patacsil  v.  Wilshire  Credit Corporation;*[5]  *Pittman  v.  Barclays  Capital  Real  Estate,  Inc.;*[6]  *Pok v.  American  Home  Mortgage  Servicing,  Inc.;*[7]  *Gallegos  v.  Recontrust Co.;*[8]  *Fuentes  v.  Deutsche  Bank;*[9]  *Padayachi  v.  Indymac  Bank;*[10]  *Sipe v.  Countrywide  Bank;*[11]  *Pontiflet-Moore  v.  GMAC  Mortgage;*[12]  and  *Rosal v.  First  Federal  Bank  of  California.*[13]

Defendant  adds  several  cases  to  the  list,  the  most  recent being  *Hepler  v.  Washington  Mutual  Bank,  F.A.*[14]    In  reliance  on *Izenberg  v.  ETS  Services,  LLC,*[15]  the  *Hepler*  court  concluded  that foreclosure  under  a  mortgage  (and  demanding  payment  of  monies  to prevent  the  foreclosure)  does  not  constitute  a  debt  under  the Rosenthal  Act.    However,  the  *Izenberg*  court  determined  that  the plaintiff  did  not  identify  what  provisions  of  the  Rosenthal  Act  had been  violated  or  allege  that  the  defendant  was  a  "debt  collector."[16] The  *Izenberg*  court  also  concluded  that  foreclosure  on  a  mortgage

---

[5]  2010 U.S. Dist. LEXIS 10414, at *8-9 (E.D. Cal. Feb. 5 2010)

[6]  2009 U.S. Dist. LEXIS 34885, at *3 (S.D. Cal. Apr. 24, 2009)

[7]  2010 U.S. Dist. LEXIS 9016, at *7-8 (E.D. Cal. Feb. 2, 2010)

[8]  2009 U.S. Dist. LEXIS 6365, at *3 (S.D. Cal. Jan. 29, 2009)

[9]  2009 U.S. Dist. LEXIS 57931, at *3 (S.D. Cal. July 8, 2009)

[10]  2010 U.S. Dist. LEXIS 46115, at *6 (N.D. Cal. April 7, 2010)

[11]  2010 U.S. Dist. LEXIS 70320, at *46-*47 (E.D. Cal. July 13, 2010)

[12]  2010 U.S. Dist. LEXIS 11043, at *6 (E.D. Cal. Jan. 15, 2010)

[13]  671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009)

[14]  2009 WL 1045470 at *4 (C.D. Cal. 2009)

[15]  589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)

[16]  *Id.* at 1199

did not constitute a debt because "it does not appear that plaintiff can cure this deficiency." It is not explained how a consumer debtor's inability to pay a debt removes it from these debt collection laws. Also, it is not explained how taking a consumer debtor's property through a private power of sale is not obtaining payment on a debt from the debtor.

Many of the cases relied on by Defendants cite to *Ines v. Countrywide Home Loans, Inc.*,[17] as the seminal case for the proposition that a debt secured by a deed of trust, and a person trying to obtain payment on that debt. The court in *Ines* came to the conclusion that since foreclosing on real property is not the collection of a debt under the FDCPA, then it would similarly not be a debt under the Rosenthal Act because some provisions of the FDCPA have been incorporated into the Rosenthal Act. As discussed herein, the incorporation of several FDCPA provisions into the Rosenthal Act does not amend the California definition of debt collector under the Rosenthal Act and replace it with the more limited definition under the FDCPA.

The court also notes that a proposition that a debt is not subject to the FDCPA if it is secured by real or personal property, and therefore neither should the collection of such debts be subject to the Rosenthal Act, is not universally accepted. One example of a Circuit Court of Appeals rejecting this argument is *Wilson v. Draper & Goldberg, P.L.L.C.*,[18] in which that Court concluded that the debt secured by a deed of trust continued to be

---

[17]   2008 U.S. Dist. LEXIS 88739at * 3 (S.D. Cal. Nov. 3, 2008).

[18]   443 F.3d 373 (4th Cir. 2006).

8

1  subject to the FDCPA even after the foreclosure was commenced.

> We disagree. Wilson's "debt" [secured by a deed of trust] remained a "debt" even after foreclosure proceedings commenced. See *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 234 (3d Cir. 2005) ("The fact that the [Pennsylvania Municipal Claims and Tax Liens Act] provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt."). Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt. See *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice required by statute could also be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) ("[A] foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt.").

> Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods. See *Piper*, 396 F.3d at 236 ("We agree with the District Court that if a collector were able to avoid liability under the [Act] simply by choosing to proceed *in rem* rather than *in personam*, it would undermine the purpose of the [Act].")(internal quotation marks omitted).[19]

Other cases rejecting a non-statutory exemption from the FDCPA or Rosenthal Act because the debt is secured by real or personal property include: *Glazer v. Chase Home Finance LLC*,[20] (finding a home loan is a debt subject to the FDCPA, which governs the conduct of debt collectors for both secured and unsecured debts); *Reese v. Ellis, Painter, Ratteree & Adams, LLP*,[21] (finding a promissory note secured by a mortgage is a debt subject to the FDCPA); *Vargas v.*

---

[19]  *Id.* at 376.

[20]  704 F.3d 453, 460 (6th Cir. 2013).

[21]  678 F.3d 1211, 1216-1217 (11th Cir. 2012).

9

1 | *HSBC Bank USA, N.A.*,[22] (finding the FDCPA covers foreclosure-related
2 | debt collection activities); *McGrew v. Countrywide Home Loans,*
3 | *Inc.*,[23] (stating "[i]t is plain that the California Legislature
4 | understands the Rosenthal Act may apply to foreclosure
5 | proceedings...the omission of the lenders and servicers from Cal.
6 | Civ. Code § 2924(b) means that such actors may be held liable for
7 | any unlawful debt collection activities during foreclosure.");
8 | *Castrillo v. American Home Mortgage Servicing, Inc.*,[24] (finding a
9 | debt collector is not immunized from liability for violating the
10 | FDCPA merely because the debt is secured by a deed of trust and the
11 | collector is proceeding with a foreclosure sale); and *Kojetin v.*
12 | *C U Recovery, Inc.*,[25] (finding a promissory note secured by a
13 | vehicle is a debt subject to the FDCPA).

14 | **Statutory Construction of the Rosenthal Act**

15 | The court's analysis begins with the plain language of the
16 | Rosenthal Act itself. It is incumbent on this court to interpret
17 | and apply state law as would the California Supreme Court.[26] The
18 | rules of statutory construction utilized by the California Supreme
19 | Court are essentially the same as used by the courts for
20 | interpreting federal law. To determine the intent of the statute
21 | or ordinance, the court first looks to the plain language and
22 | ordinary meaning of the words used. The words are read in context

23 |

24 | [22] 2012 U.S. Dist. LEXIS 128661, at *16 (S.D. Cal. 2012).

25 | [23] 628 F. Supp. 1237, 1243 (S.D. Cal. 2009).

26 | [24] 670 F. Supp. 2d 516, 523-24 (E.D. La. 2009).

27 | [25] 212 F.3d 1318 (8th Cir. 2000).

28 | [26] *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

10

of the statute, considering the nature and purpose of the enactment. If the language is clear, then no further interpretation of the statute is necessary. If the language is ambiguous, then the court considers extrinsic evidence, which includes the legislative history, public policy, and the statutory scheme of which the statute is a part.[27] Finally, if after reviewing the plain language and extrinsic aids the meaning of the statute remains unclear, the court, proceeding cautiously, applies reason, practicality, and common sense to the statute.[28]

**Basic Statutory Definitions Under the Rosenthal Act**

The California Legislature defines who is a "debt collector" for purposes of California law in the Rosenthal Act as follows,

> The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.[29]

California law defines "debt collection," to be "any act or practice in connection with the collection of consumer debts."[30] A consumer debt is statutorily defined to be "money, property or their equivalent, due or owing or alleged to be due or owing from

---

[27] *Professional Engineers in California Government v. Kempton*, 40 Cal. 4th 1016, 1037 (2007).

[28] *Woodland Park v. City of East Palo Alto Rent Stabilization Board*, 181 Cal. App. 4th 915, 920 (2010).

[29] Cal. Civ. Code § 1788.2(c).

[30] *Id.* § 1788.2(b).

11

a natural person by reason of a consumer credit transaction."[31]
Finally, a "consumer credit transaction" is statutorily defined to
be "a transaction between a natural person and another person in
which property, services or money is acquired on credit by that
natural person from such other person primarily for personal,
family, or household purposes."[32]

This definition of "debt collector" is very broad, requiring
only,

A.   That a person (natural or fictitious, § 1788.2(g)),

B.   In the ordinary court of his, her, or its business,

C.   On behalf of him/her/itself or others,

D.   Engage in any act or practice in connection with the
collection of,

E.   Money, property or their equivalent, due or owing
relating to,

F.   A transaction between a natural person and another
person,

G.   For property, services or money is acquired on credit by
that natural person from such other person, and

H.   Was primarily for personal, family, or household purposes
of the natural person.

Nothing in the statutory definition excludes a consumer debt
from the Rosenthal Act merely because it is secured by real or
personal property.  Further, nothing in the statutory definition
excludes a person from the Rosenthal Act merely because he, she, or
it is attempting to collect a consumer debt that is for a
transaction that he, she or it entered into with the consumer.  By

---

[31]   *Id.* § 1788.2(f).

[32]   *Id.* § 1788.2(e).

its plain language, the term "debt collector" as used in the Rosenthal Act includes a creditor who is attempting to collect any consumer debt owed to that creditor.[33]

In 1999 the California Legislature grafted several FDCPA provisions onto the Rosenthal Act. California Code of Civil Procedure § 1788.17 provides,

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e[34] and Section 1692g[35] shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States

---

[33] The widely used California Practice Guide, *Enforcement of Judgments and Debts*, also states, "**Creditors included:** Thus, the state FDCPA [Rosenthal Act] applies both to *third party debt collectors* (e.g. collection agencies) and to ***creditors who regularly collect consumer debts.***" California Practice Guide, Enforcement of Judgments and Debts ¶ 2:127 (Judge Alan M. Ahart, The Rutter Group 2012, Rev. # 1 2011 (emphasis in original).

[34] 15 U.S.C. 1692e(11) requires that the FDCPA debt collector provide the Mini-Miranda, a disclosure in the initial written communication, and initial oral communication if it precedes the initial written communication, with the debtor that the communication is from a debt collector and that it is an attempt to collect a debt.

[35] 15 U.S.C. § 1692g requires that the initial written communication disclose to the debtor (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement if the debtor does not dispute the debt in writing within 30 days the debt collector will assume the debt is valid, (4) that if the debt is disputed in the 30-day period the debt collector will obtain verification of the debt from the creditor, and (5) that upon written request within the 30-day period the debt collector will provide the debtor with the name and address of the original creditor, if different from the current creditor for whom the debt is being collected.

A statutory exception is provided in 1692(g)(e) that forms and notices not relating to the collection of the debt and required by the Internal Revenue Code (26 U.S.C. §§ 1 et seq.), title V of Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801 et seq.), or federal or state law relating to notice of data security breach or privacy are not treated as a "communication" under the FDCPA.

1
2

Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

3   The California Legislature carefully excluded a limited
4   subclass of Rosenthal Act statutorily defined debt collectors from
5   only two of the state law obligations arising under grafted on
6   15 U.S.C. § 1692e(11) (initial disclosure, commonly called the
7   Mini-Miranda, to be given in the first collection communication
8   with the consumer debtor) and § 1692g (requirement to validate the
9   debt if consumer requests in writing within 30 days of the initial
10  collection communication).    However, all of the other FDCPA
11  provisions grafted onto the Rosenthal Act apply in full force and
12  effect for all Rosenthal Act defined debt collectors.

13  The subclass of Rosenthal Act defined debt collectors given an
14  exemption from only these two provisions are (1) "any officer or
15  employee of a creditor while, in the name of the creditor,
16  collecting debts for such creditor;" or (2) "any person while
17  acting as a debt collector for another person, both of whom are
18  related by common ownership or affiliated by corporate control, if
19  the person acting as a debt collector does so only for persons to
20  whom it is so related or affiliated and if the principal business
21  of such person is not the collection of debts;...."[36]  Clearly, the
22  only reason that such exceptions to only these two provisions were
23  required to be created by the California Legislature to the
24  definition of a Rosenthal Act debt collector is that officers or
25  employees of the creditor, the creditor, and a creditor owned and
26  controlled collection agency subsidiary, are otherwise within the

27
28

---

[36] 15 U.S.C. 1692a(6)(A), (B).

14

broad Rosenthal Act definition of a debt collector.

In considering the Defendant's argument and the authorities it has cited, it is critical to understand that the FDCPA statutory definition of "debt collector" differs significantly from the California state law definition of a debt collector under the Rosenthal Act.  Under the FDCPA a debt collector is defined to be,

> **[a]ny person who** uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who **regularly collects** or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another.** Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the **term includes any creditor who,** in the process of collecting his own debts, **uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.** For the purpose of section 808(6) [15 UCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests....[37]

First, with the limited exception of a creditor using an alias to make it appear that a third-party is involved, the FDCPA defined debt collector is limited to a person attempting to obtain payment on an obligation which was originally owed to another person. Commonly an FDCPA covered debt collector is called a "third-party debt collector." (The original creditor and debtor being the first two parties to the transaction.)

In grafting the FDCPA onto state law, the California Legislature recognized this difference, creating the limited exceptions for the Mini-Miranda and validation notice requirements for creditors who are debt collectors under the Rosenthal Act.

---

[37] 15 U.S.C. § 1692a(6) (emphasis added).

However, the basic provisions of the Rosenthal Act that a person shall not lie, cheat, steal, threaten, or abuse a consumer in attempting to obtaining payment on a consumer debt do not interfere with the good faith collection of the consumer debt – whether it be secured or unsecured.   To the extent that state law provides a procedure for obtaining payment on the debt, such as a statutory non-judicial foreclosure process, the California Legislature has provided the creditor, third-party debt collector, servicing agency, and consumer with clear benchmarks by which the collection activities can be measured.  There is nothing inconsistent with the requirements of the Rosenthal Act and it being applied to a creditor with a secured claim.

**State Law Provides an Express Exemption From The Rosenthal Act Only For The Trustee Under a Deed of Trust**

California Civil Code § 2924 provides a statutory exemption from the Rosenthal Act for a trustee under a deed of trust as follows,

> In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. **In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.**[38]

The California Legislature has carefully constructed the exemption to apply only (1) to the trustee under a deed of trust and (2) only to that trustee performing the acts required under Article 1, Mortgages in General, of Chapter 2, Mortgages, of

---

[38]   Cal. Civ. Code § 2924(b)(emphasis added).

16

1 Title 14 of the California Civil Code, Lien.   In enacting this
2 exemption from the Rosenthal Act, the California Legislature   has
3 clearly limited the acts of a trustee exercising the powers under
4 a deed of trust.   The California Legislature has not created, or
5 intended to create an implied, free ranging exemption by which a
6 trustee under a deed of trust (and thereby the creditor owed the
7 consumer debt) becomes an unregulated debt collector for any and
8 all purposes.

9     If Defendant was correct that the Rosenthal Act did not apply
10 to  debts  which  were  secured  by  real  property  or  for  which
11 foreclosure  proceedings  could  be  commenced  or  were  being
12 prosecuted,  then  no  legislative  reason  would  have  existed  for
13 enacting California Civil Code § 2924(b).

14 **Legislative History of the Rosenthal Act[39]**

15     Given the dearth of statutory analysis presented to the court
16 by the parties, in addition to the plain language of the statute,
17 the court has reviewed the legislative history available from the
18 California State Archives maintained by the California Secretary of
19 State.   California Senate Bill 237, 1977, is the legislation by
20 which the Rosenthal Act (formerly known as the Robbins-Rosenthal
21 Fair Debt Collection Practices Act) was enacted.   It is clear from
22 the legislative history that the plain language of the statute
23 means  what  it  says  -  all  debt  collectors,  whether  original
24 creditors, agents of original creditors, or third-party collection
25 agencies,  for  all  consumer  credit  transaction  debts,  whether

26

27     [39]   The legislative history documents are an Addendum to this
court's reported decision in *Landry*, and may be reviewed using PACER
28 access to the court's public records, at the courthouse itself, or
using commercial case reporting services.

17

secured or unsecured, are covered by the Rosenthal Act.

The Assembly Judiciary Committee Analysis issued for the August 11, 1977 hearing on for SB 237, states,

> This measure governs all debt collection practices arising from the extension of credit if the credit was obtained primarily for personal, family, or household purposes. Regulated **debt collectors include any person who, in the ordinary course of business, on behalf of himself** or others, **engages in debt collection** and any person who composes and sells forms, letters, and other collection media used for debt collection. Debt collectors currently licensed by the Bureau of Collections and Investigations [traditional third-party collection agencies] would be subject to regulation by this measure. Attorneys are specifically exempted.[40]

After SB 237 was passed by the Legislature, the California Department of Consumer Affairs issued its Enrolled Bill Report to then Governor Edmund G. Brown, Jr., stating,

> The collection practices of collection agencies licensed by the Bureau of Collection and Investigative Services [traditional third-party collection agencies] are regulated by the Bureau. Licensed collection agencies are responsible for about 10% of the debt collection in California. **The other 90% is performed by in-house collectors (for banks**, retailers, finance companies, and so on)...
>
> The Robbins-Rosenthal Fair Debt Collection Practices Act [renamed the Rosenthal Act in AB 969, 1999] would be **a comprehensive act governing the debt collection practices of all person who in the ordinary course of business on behalf of themselves** or others engage in the collection of consumer debts. The Act would thus **apply to debt collectors licensed** by the Bureau of Collection and Investigative Services (CIS) **and to in-house collectors (such as bankers**, credit unions, savings and loans, personal property brokers, industrial loan companies, and retailers)...

---

[40]  Fair Debt Collection Practices Act Bill Digest: Hearing on California SB 237 Before the Assembly Comm. on Judiciary, August 11, 1977 (emphasis added).

18

A. SPECIFIC FINDINGS

> The Robbins-Rosenthal Fair Debt Collection Practices Act would be a comprehensive act governing the debt collection practices of **all persons who in the ordinary course of business on behalf of themselves or others** engage in the collection of consumer debts. The **Act would thus apply to** debt collectors licensed by the Bureau of Collection and Investigative Services (CIS) and to **in-house collectors (such as bankers,** credit unions, savings and loans, personal property brokers, industrial loan companies, and retailers)...

D. RECOMMENDATION: Sign

> The Department of Consumer Affairs worked with Senator Robbins on the August amendments and we are satisfied that this amended bill would constitute a significant improvement in consumer protection against unfair debt collection practices. While the bill's provisions are in some cases less strict than the new regulations governing the collection agencies licensed by the Bureau of Collection and Investigative Services, **we believe that the bill's impact on the presently unregulated collection practices of in-house collectors – whose activities make up more than 90% of debt collection** -- would represent a positive gain for consumers.[41]

The Rosenthal Act was enacted specifically to make the creditor, not merely the third-party collection agency, subject to the California debt collection laws. This is consistent with the plain language of the statute defining debt collector expansively, so as to address the 90 percent of the otherwise unregulated creditor debt collection activities.

The court has also reviewed the legislative history for the

---

[41] California Department of Consumer Affairs, Enrolled Bill Report for SB 237, September 15, 1977 (emphasis added). *See also* California Department of Finance, Enrolled Bill Report for SB 237, September 15, 1977, stating (emphasis added),

> This bill would substantially expand the coverage of debt collection law. Under existing law, only the debt collection practices of licensed collection agencies are regulated. **This bill would increase the coverage of such law as to include in-house debt collectors such as banks and retailers** (approximately 90 percent of the debt collectors in the State).

19

1   1999 amendments to the Rosenthal Act, AB 969, by which specific
2   provisions of the FDCPA were made part of state law.  The Senate
3   Rules Committee Report, issued for the Third Reading of AB 969 on
4   the Senate Floor, states,

>   This bill provides that **every debt collector collecting
>   or attempting to collect a consumer debt shall comply
>   with the provisions of Sections 1692b to 1692j,**
>   inclusive, of Title 15 of the United States Code.  These
>   sections provide, among other provisions, that a
>   collector may not harass, oppress, or abuse a debtor, nor
>   use obscene language.   Third parties may only be
>   contacted with the debtor's permission.
>   . . .
>   This duel scheme of regulation [FDCPA and Rosenthal Act]
>   can sometimes become confusing, rendering state law
>   unused.  The sponsor argues this bill is needed in order
>   to establish clear lines of acceptable behavior, pointing
>   out that other states, such as Pennsylvania and
>   Massachusetts, have similarly incorporated federal
>   provisions to harmonize state and federal law.   The
>   [California Attorney General] adds that, **"consistent
>   federal and state standards** would facilitate compliance
>   and enforcement and **provide a level playing field for all
>   engaged in debt collection activity."**[42]

16      The  Senate  Judiciary  Committee  Analysis  contains  similar
17  language that the FDCPA provisions shall apply to all debt
18  collectors (with the specified two exceptions), and adds the
19  further information from the sponsor of AB 969, the California
20  Attorney General,

>   The bill's sponsor, the Attorney General (AG) adds, "the
>   Attorney General's office has sponsored AB 969 to
>   **harmonize state and federal law by applying federal debt
>   collection standards and remedies to all parties defined
>   as debt collectors under California law."**[43]

24      Again, with the 1999 amendments the legislative history is

---

[42]  California Senate Rules Committee, Senate Floor Analysis for
AB 969, July 23, 1999 (emphasis added).

[43]  Hearing on AB 969 Before the California Senate Judiciary
Committee, 1999-2000 Regular Session, July 7, 1999 (emphasis added).

1  clear – all provisions of the Rosenthal Act, including the grafted
2  on FDCPA provisions (subject to the two express exceptions), shall
3  apply to all debt collectors as defined under the Rosenthal Act.
4  There is no evidence of any non-statutory intent or belief that an
5  unstated general exception was created using the federal definition
6  of debt collector to change the definition in the Rosenthal Act.

7  **Preemption by Bankruptcy Code**

8  Though Defendant may well be a "debt collector" as defined by
9  the Rosenthal Act, that does not result in it being subject to the
10 claim asserted in the Complaint.  In the situation involving the
11 FDCPA, the Bankruptcy Appellate Panel of the Ninth Circuit has
12 stated that Congress did not intend for that Act and its debt
13 validation provisions to apply in context of proofs of claim filed
14 in bankruptcy case.  Rather, a Chapter 13 debtor's remedy, to the
15 extent that creditor's proof of claim sought to recover on
16 time-barred or nonexistent debts, lay in objecting to proof of
17 claim.  If the conduct is improper, the aggrieved party may seek
18 the proper award of sanctions or other relief provided as under
19 federal bankruptcy law.  An alleged improper proof of claim is not
20 the opportunity to commence collateral proceedings under the FDCPA,
21 Rosenthal Act, and other non-bankruptcy law grounds and forsake the
22 comprehensive statutory process enacted by Congress.   11 U.S.C.
23 § 502.   *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225
24 (B.A.P. 9th Cir. 2008).

25 The Plaintiffs' Complaint, in the general and specific Second
26 Claim for Relief allegations, asserts that the Rosenthal Act has
27 been violated based on the following grounds.
28 ///

A.   Plaintiffs object to Proof of Claim No. 4 filed by Defendant.

B.   Defendant had no right to file a proof of claim and by doing so committed a misrepresentation of a debt in violation of the Rosenthal Act.

C.   The debt which is the subject of Defendant's claim was satisfied in full prior to the commencement of this case.

D.   Sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 and Federal Rule of Civil Procedure 11 are appropriate for Defendant's conduct in filing Proof of Claim No. 4.

In a persuasive discussion, the Bankruptcy Appellate Panel for the Ninth Circuit in an unpublished decision concluded that the Rosenthal Act was completely preempted by the Bankruptcy Code in a case where a debtor alleged that a creditor had filed a proof of claim for a non-existent and/or time-barred debt in debtor's bankruptcy case. *In re McCarther-Morgan,* BAP SC-08-1093KWMOJU, 2009 WL 7810817 (B.A.P. 9th Cir. Jan. 27, 2009)

The Ninth Circuit Court of Appeals has addressed the preemption issue in connection with the Bankruptcy Code in a line of cases tracing back to *MSR Exploration, LTD v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1995). The Ninth Circuit Court of Appeals recognized that the federal court conducting bankruptcy proceedings (whether the district court judge or the bankruptcy court judge) has exclusive federal jurisdiction for those matters. There is not concurrent federal and state court jurisdiction over bankruptcy matters.

Further, the Ninth Circuit Court of Appeals considered the comprehensive structure of the Bankruptcy Code established by Congress. This mitigates further against superimposing non-bankruptcy law remedies over the Bankruptcy Code. The bankruptcy

claims process is one in which it is the Bankruptcy Code, Federal Rule of Civil Procedure 11, Federal Rule of Bankruptcy Procedure 9011, and the inherent powers of the federal judges to "police" the claims process and conduct of the parties.

In *MRS Exploration* the Ninth Circuit Court of Appeals rejected a debtor's contention that the filing of a disputed proof of claim could be the basis for an independent malicious prosecution claim. In a subsequent decision, the Ninth Circuit Court of Appeals in *Miles v. Okun (In re Miles)*, 430 F.3d 1083 (9th Cir. 2005), concluded that the Bankruptcy Code provided the exclusive remedy for damages arising from the improper filing of multiple involuntary bankruptcy petitions against a debtor. The Court determined that the various state law tort claims were preempted by the Bankruptcy Code as they related to the conduct of the person filing the involuntary bankruptcy petitions.

The fact that the bankruptcy judicial process preempts various state law and non-bankruptcy law statutory and tort claims does not leave a party without relief. As discussed by the Ninth Circuit Court of Appeals in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), a claim alleging a violation of the discharge injunction (11 U.S.C. § 524(a)) cannot be the basis for a private right of action under the FDCPA. The proper remedy for an alleged violation of the bankruptcy discharge injunction is to seek relief through the federal court contempt powers.

The Plaintiffs argue in their Opposition to the Defendant's Motion to Dismiss, Dckt. No. 14, that the provisions of the Rosenthal Act are consistent with the Bankruptcy Code, and that this cause of action is not preempted by the Bankruptcy Code.

1   While the federal court properly "Polices" the practices in the
2   court, including the filing of claims, through its inherent powers,
3   Rule 9011, and Rule 11, it is not for the Plaintiffs to create
4   enforcement rights were Congress provided for none.

5        For purposes of determining the propriety of a dismissal
6   before trial, allegations in the complaint are taken as true and
7   are construed in the light most favorable to the plaintiff.
8   *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988);
9   *Kossick v. United Fruit Co.*, 365 U.S. 731, 731 (1961).   All the
10  Plaintiffs assert is that Defendant filed a proof of claim they
11  dispute and that the proof of claim filed in federal court should
12  be the basis for asserting a state law claim under the Rosenthal
13  Act.   That is incorrect.   Plaintiffs may address their dispute
14  through the claims objection process and then seek relief for
15  damages under the proper procedures relating to claims made and
16  pleadings filed in federal court.

17       Further, Plaintiffs fail to allege misconduct which states a
18  claim for which the requested relief (based on a violation of the
19  Rosenthal Act) can be granted. The Complaint alleges the statutory
20  definitions of the Rosenthal Act and that the "debt has been
21  satisfied."   Plaintiffs also allege that the Proof of Claim does
22  not accurately state the amount of the debt that is owed.  While a
23  closer call than the other claims for relief, the court finds that
24  as pleaded Plaintiffs have not sufficiently made a "short and plain
25  statement of the claim showing that the pleader is entitled to
26  relief."

27       Plaintiffs' second cause of action is dismissed.
28  ///

**Fifth Cause of Action**

The courts are equally divided when looking at whether the Real Estate Settlement Procedures Act is preempted by the Bankruptcy Code. *See*, e.g., *In re Figard*,[44] (court finds that Bankruptcy Code does not preempt provisions of Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2)); *In re Holland*,[45] (Bankruptcy Code does not preempt Real Estate Settlement Procedures Act); *In re Nosek*,[46] (court finds Bankruptcy Code preempts Real Estate Settlement Procedures Act and state statutory and common law).

As the Defendant states, the Real Estate Settlement Procedures Act creates a private rights of action to redress three types of wrongful acts: (1) a payment of a kickback for real estate settlement services (12 U.S.C. § 2607(d)); (2) requiring a buyer to use a title insurer selected by the seller (12 U.S.C. § 2608(b)); and (3) a failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a Qualified Written Request for information about a loan (12 U.S.C. § 2605(f)). A RESPA claim based on payment for no services in violation of 12 U.S.C. § 2607 must be brought within one year of the violation. 12 U.S.C. § 2614; *see also Edwards v. First Am. Corp.*, 517 F. Supp. 2d 1199, 1204 (C.D. Cal. 2007); *Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1106 (W.D. Wash. 2007).

Here, Plaintiffs' Complaint is unclear as to what provision of

---

[44]   382 B.R. 695, 2008 WL 501356 (Bankr. W.D. Pa. 2008)

[45]   374 B.R. 409 (Bankr. D. Mass. 2007)

[46]   354 B.R. 331 (D. Mass. 2006)

1  the Real Estate Settlement Procedures Act has been violated, and
2  what type of violation would entitle Plaintiffs to actual damages,
3  the requested statutory penalty of $1,000.00, and attorney's fees
4  and costs.    Plaintiffs merely state that the escrow analysis
5  provided in the Proof of Claim "does not conform to the RESPA," in
6  that the starting point of the escrow analysis does not take into
7  account the impound beginning balance, based on the payments made
8  from the pre-petition arrearage.

9        Although this is a specific allegation regarding the error
10 that Defendant may have committed in preparing the Proof of Claim,
11 Plaintiffs fail to allege the misconduct that fits the criteria of
12 the type of wrongful act contemplated and covered by the Real
13 Estate Settlement Procedures Act.  Plaintiffs do not allege how the
14 miscalculated escrow analysis may rise to the level of misconduct
15 encompassed by the Real Estate Settlement Procedures Act,  in
16 punishing acts that are committed during the origination of the
17 loan, or in notifying a mortgagee about the transfer of servicing
18 rights for a loan.

19       Additionally, this remedy under RESPA is stated to be based on
20 the filing of Proof of Claim No. 4 in the bankruptcy case.  If the
21 only basis for the RESPA relief is the filing of a proof of claim,
22 the Bankruptcy Code is the controlling law.  Plaintiff must seek
23 relief under the Bankruptcy Code, Federal Rules of Civil Procedure,
24 Federal Rules of Bankruptcy Procedure, and the inherent powers of
25 this court, not through an ancillary claim based on non-bankruptcy
26 law or procedure.

27       Thus, Plaintiffs' Fifth Cause of Action is dismissed.
28 ///

26

**Third, Fourth, Sixth, and Seventh Causes of Action**

Defendant argues that the Plaintiffs' Third Claim for Relief for Negligence, Fourth Claim for Relief for Fraud and Intentional Misrepresentation, Sixth Claim for Relief for Breach of Contract, and Seventh Claim For Relief for Conversion each fails because they are preempted by the Bankruptcy Code and Plaintiffs have failed to plead sufficient facts to support a claim for each relief sought.

All of the Plaintiffs' Claims for Relief in the instant Adversary Proceeding are based on the filing of Proof of Claim No. 4 as the only grounds for negligence, fraud, misrepresentation, breach of contract, and conversion. The remedial schemes of 11 U.S.C. §§ 501, 502, Federal Rules of Bankruptcy Procedure 3001- 3008, Federal Rule of Bankruptcy Procedure 9011, and the inherent power of this court and the United States District Court establish appropriate procedures for those who wish to contest a Proof of Claim and remedies for misconduct by creditors in the claims process.

All persons have the right to petition the court to assert rights and defenses. Such conduct is generally privileged, subject to very specific rights and remedies structured to avoid one lawsuit spawning a multiplicity of lawsuits. *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2008), *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 956 (2007); *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1210-11 (E.D. Cal. 2008).

This is consistent with the Ninth Circuit rulings on federal preemption of these types of state law claims relating to proofs of claim and other pleadings (such as involuntary petitions) filed in federal court. The proper remedies lie within that judicial

1    proceeding itself, not a myriad of state and other non-bankruptcy
2    law claims. Malicious prosecution, bankruptcy statutory remedies,
3    Rule 9011 compensatory and corrective sanctions, and the inherent
4    power sanctions of the bankruptcy and district (including punitive
5    sanctions) courts are the proper remedies. In addition, for proofs
6    of claim, submitting a fraudulent claim may subject the violating
7    party to a fine of up to $500,000.00 and imprisonment of up to five
8    years. 18 U.S.C. §§ 152 and 3571.

9        Here, the Defendant Proof of Claim, Claim No. 4, on
10   January 15, 2014, in Plaintiffs' bankruptcy case. The Proof of
11   Claim asserted, as required by the Bankruptcy Code, what Defendant
12   advanced as its rights as a creditor. Plaintiff may object to
13   Proof of Claim No. 4 and have that dispute litigated as part of the
14   claims process in the bankruptcy case. In their Complaint,
15   Plaintiffs have made no allegation about the Defendant's
16   misconduct, other than the filing, preparation, and prosecution of
17   Defendant's Proof of Claim. The Plaintiffs offer no "short and
18   plain statement of the claim" for any other grounds upon which
19   relief is requested. The various state law claims by which
20   Plaintiffs now seek remedy are preempted by the bankruptcy claims
21   process and relief which Plaintiff may obtain thereto.

22       Thus, Plaintiffs' Third, Fourth, Sixth, and Seventh Causes of
23   Action are dismissed.

24                              **CONCLUSION**

25       Having determined that the Plaintiffs have failed to state a
26   claim for relief under each of the following Claims for Relief, and
27   that each of them are preempted by the Bankruptcy Code, the Motion
28   is granted and the court dismisses the Second, Third, Fourth,

                                 28

Fifth, Sixth, and Seventh Claims for Relief without prejudice.  The Motion is denied as to the First Claim for Relief.

        This Memorandum Opinion and Decision constitutes the court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a) and Federal Rule of Bankruptcy Procedure 7052.

Dated: July 11 , 2014

RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

       **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), **and** __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Eddie R. Jimenez
4375 Jutland Dr., Ste. 200
P.O. Box 17933
San Diego, CA 92177